UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER HUGHES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:25-cv-04597 |
| | ) | |
| GAGES LAKE AUTO & LIGHT TRUCK REPAIR INC., | ) ) | |
| | ) | |
| | ) | |
| Defendant. | ) ) | JURY DEMAND |

## COMPLAINT

Plaintiff, Christopher Hughes ("Plaintiff"), by and through his attorneys, the Law Offices of Michael T. Smith & Associates, in complaining of the defendant, Gages Lake Auto & Light Truck Repair, Inc. ("Defendant"), states as follows:

### NATURE OF THE CASE

1. This action seeks redress for Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), as well as any related state law claims, for Defendants' failure to pay overtime wages owed to Plaintiff.

### JURSIDICTION AND VENUE

2. The Court possesses subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337.

3. Venue for this action is proper in the United States District Court for the Northern District of Illinois, Eastern Division, under 28 U.S.C. § 1391(b)(1)-(2) and (d) because the employment practices hereafter alleged to be unlawful were committed in the

Northern District of Illinois, Eastern Division, and because Defendant's contacts are sufficient to subject it to personal jurisdiction in that district.

## PARTIES

4. Plaintiff is an adult individual and a resident of Zion, Illinois.

5. Defendant was, and is, a domestic corporation organized under the laws of the State of Illinois engaged in business in Illinois affecting interstate commerce.

6. Defendant is "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because it has annual gross volume of sales made or business done of at least $500,000; and because it is engaged in interstate commerce or in the production of goods for interstate commerce. Additionally, Defendant has more than 3 employees.

## FACTUAL ALLEGATIONS

7. At all times relevant to the allegations herein, Defendant was an "employer" as that term is defined in Section 203 of the FLSA because it is a privately owned for-profit entity.

8. On or about August 29, 2022, Plaintiff began employment with Defendant as a Service Advisor charged with building out auto-repair estimates and selling auto-repairs, as well as with other duties such a scheduling and maintaining Defendant's rental cars program.

9. At all times relevant to the allegations herein, Plaintiff was an "employee" of Defendant as that term is defined in Section 203 of the FLSA because he was employed by Defendant to perform inside sales and other low level administrative tasks, he did not travel to other sites to make sales, Plaintiff's compensation was "salary" based, as opposed to commission based, and his position/employment with Defendant does not fall into any of the exceptions or exemptions under the FLSA.

10. Plaintiff generally worked from at least 7:15 AM to 5:45 PM, Monday through Friday. Plaintiff estimates that he has worked an average of approximately 52.5 hours per week for Defendant over the last three years.

11. Defendant was fully aware of the number of hours that Plaintiff and it other employees were working per week because it utilized a modern electronic punch in/punch out system using proximity key cards assigned to each employee to keep track of hours.

12. Defendant has always paid Plaintiff on a straight-time salary basis. Plaintiff's bi-weekly pay checks from Defendant were always for the same amount, regardless of the number of hours Plaintiff worked past 40 during each of the weeks in the pay period.

13. Defendant never disciplined or admonished Plaintiff for working more than 40 hours per week or otherwise gave him any indication that working more than 40 hours per week was not allowed.

14. As such, Defendant has routinely paid Plaintiff less than one and a half times his regular hourly rate for every hour he worked in excess of forty (40) hours during each work week.

15. Defendant's failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

16. Plaintiff is entitled to recover unpaid overtime wages and liquidated damages from Defendant for up to three (3) years prior to the filing of this lawsuit.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and that it:

a) Award Plaintiff lost wages in the amount of one and a half times Plaintiff's regular hourly rate of pay for each and every hour Plaintiff worked in excess of 40 hours during any individual work week over the last 3 years;

    b)       Award Plaintiff liquidated damages in an amount equal to the amount of unpaid overtime compensation found due to him;

    c)       Award Plaintiff reasonable attorney's fees, costs and disbursements;

    d)       Award Plaintiff any other relief this Court deems just and proper.

CHRISTOPHER HUGHES

BY: **/s/ Michael T. Smith**
Michael T. Smith
Trial Attorney

Michael T. Smith #6180407IL
3030 Warrenville Road, Suite 450-42
Lisle, Illinois 60532
(847) 450-1103
(847) 895-0626
Msmith39950@aol.com
Msmithlaw123@gmail.com