IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER HUGHES,<br><br>     Plaintiff,<br><br> v.<br><br>GAGES LAKE AUTO & LIGHT TRUCK REPAIR, INC.,<br><br>     Defendant. | No. 1:25-cv-04597<br><br>Honorable Judge Franklin U. Valderama<br><br>Magistrate Judge: Honorable Jeffrey Cole |

**DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

  Plaintiff, GAGES LAKE AUTO & LIGHT TRUCK REPAIR, INC., through its attorneys, Drost, Gilbert, Andrew & Apicella, and for its Answer to Complaint and Affirmative Defenses states as follows:

  1. This action seeks redress for Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as any related state law claims, for Defendants' failure to pay overtime wages owed to Plaintiff.

  **Answer:** Defendant admits Plaintiff's complaint purports to allege a claim related to overtime wages but denies the remaining allegations set forth in paragraph 1.

  2. The Court possesses subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 9 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337.

  **Answer:** Defendant admits the allegations set forth in paragraph 2.

  3. Venue for this action is proper in the United States District Court for the Northern District of Illinois, Eastern Division, under 28 U.S.C. § 1391(b)(1)-(2) and (d) because the employment practices hereafter alleged to be unlawful were committed in the Northern District of Illinois, Eastern Division, and because Defendant's contacts are sufficient to subject it to personal jurisdiction in that district.

**Answer:** Defendant admits the allegations set forth in paragraph 3.

4. Plaintiff is an adult individual and a resident of Zion, Illinois.

**Answer:** Defendant admits the allegations set forth in paragraph 4.

5. Defendant was, and is, a domestic corporation organized under the laws of the State of Illinois engaged in business in Illinois affecting interstate commerce.

**Answer:** Defendant admits that it was and is a domestic corporation organized under the laws of the State of Illinois but denies the remaining allegations set forth in paragraph 5.

6. Defendant is "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because it has annual gross volume of sales made or business done of at least $500,000; and because it is engaged in interstate commerce or in the production of goods for interstate commerce. Additionally, Defendant has more than 3 employees.

**Answer:** Defendant denies the allegations set forth in paragraph 6.

7. At all times relevant to the allegations herein, Defendant was an "employer" as that term is defined in Section 203 of the FLSA because it is a privately owned for-profit entity.

**Answer:** Defendant admits the allegations set forth in paragraph 7.

8. On or about August 29, 2022, Plaintiff began employment with Defendant as a Service Advisor charged with building out auto-repair estimates and selling auto-repairs, as well as with other duties such as scheduling and maintaining Defendant's rental cars program.

**Answer:** Defendant denies Plaintiff began employment on or about August 29, 2022, states that Plaintiff began employment on September 15, 2022, and admits the remaining allegations set forth in paragraph 8.

9. At all times relevant to the allegations herein, Plaintiff was an "employee" of Defendant as that term is defined in Section 203 of the FLSA because he was employed by Defendant to perform inside sales and other low level administrative tasks, he did not travel to other sites to

make sales, Plaintiff's compensation was "salary" based, as opposed to commission based, and his position/employment with Defendant does not fall into any of the exceptions or exemptions under the FLSA.

**Answer:** Defendant denies the allegations set forth in paragraph 9.

10. Plaintiff generally worked from at least 7:15 AM to 5:45 PM, Monday through Friday. Plaintiff estimates that he has worked an average of approximately 52.5 hours per week for Defendant over the last three years.

**Answer:** Defendant denies the allegations set forth in paragraph 10.

11. Defendant was fully aware of the number of hours that Plaintiff and its other employees were working per week because it utilized a modern electronic punch in/punch out system using proximity key cards assigned to each employee to keep track of hours.

**Answer:** Defendant admits the allegations set forth in paragraph 11.

12. Defendant has always paid Plaintiff on a straight-time salary basis. Plaintiff's bi-weekly pay checks from Defendant were always for the same amount, regardless of the number of hours Plaintiff worked past 40 during each of the weeks in the pay period.

**Answer:** Defendant denies the allegations set forth in paragraph 12.

13. Defendant never disciplined or admonished Plaintiff for working more than 40 hours per week or otherwise gave him any indication that working more than 40 hours per week was not allowed.

**Answer:** Defendant admits the allegations set forth in paragraph 13.

14. As such, Defendant has routinely paid Plaintiff less than one and a half times his regular hourly rate for every hour he worked in excess of forty (40) hours during each work week.

**Answer:** Defendant denies the allegations set forth in paragraph 14.

15. Defendant's failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

**Answer:** Defendant denies the allegations set forth in paragraph 15.

16. Plaintiff is entitled to recover unpaid overtime wages and liquidated damages from Defendant for up to three (3) years prior to the filing of this lawsuit.

**Answer:** Defendant denies the allegations set forth in paragraph 16.

WHEREFORE, Defendant, GAGES LAKE AUTO & LIGHT TRUCK REPAIR, INC., respectfully prays for entry of an order granting judgment in its favor and against the Plaintiff, CHRISTOPHER HUGHES. dismissing Plaintiff's Complaint in its entirety, and for such other and further relief as this Court deems appropriate and just.

## **AFFIRMATIVE DEFENSES**

1. The Plaintiff is exempt from the Fair Labor Standards Act (FLSA), because certain employees, such as those in administrative roles like Plaintiff are exempt from overtime requirements.

2. The Defendant acted in good faith and had reasonable grounds to believe that any actions or omissions did not violate the FLSA.

3. The 2 year statute of limitations bars some or all of the Plaintiff's claims.

4. There was an agreement between the parties to settle the wage dispute, and the Defendant has already satisfied the agreed-upon terms.

5. The Plaintiff failed to take reasonable steps to mitigate damages.

6. The Defendant's alleged violation of the FLSA was not willful.

7. The Defendant accurately calculated and paid any overtime compensation owed to the Plaintiff.

8. The Plaintiff engaged in misconduct that affected the hours worked or the accuracy of time records.

9. The Plaintiff unreasonably delayed bringing the claim, and this delay has prejudiced the Defendant.

10. The Defendant is entitled to a setoff for any amounts it overpaid the Plaintiff.

11. The Plaintiff knowingly and voluntarily waived the right to claim overtime compensation.

WHEREFORE, Defendant, GAGES LAKE AUTO & LIGHT TRUCK REPAIR, INC., respectfully prays for entry of an order granting judgment in its favor and against the Plaintiff, CHRISTOPHER HUGHES. dismissing Plaintiff's Complaint in its entirety, and for such other and further relief as this Court deems appropriate and just.

/s/Kenneth C. Apicella
Kenneth C. Apicella
DROST, GILBERT, ANDREW & APICELLA, LLC
4811 Emerson Avenue, Suite 110
Palatine, IL 60067
(847) 934-6000 (telephone)
(847) 934-6040 (facsimile)
KCA@dgaalaw.com
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on September 29, 2025, he caused to be filed the foregoing *Answer and Affirmative Defenses* with the Clerk of the Court for the Northern District of Illinois using the CM/ECF and that he caused to be served true and correct file-stamped copies of the documents to counsel listed through the Court's CM/ECF system to the following counsel:

Michael T. Smith #6180407IL
3030 Warrenville Road, Suite 450-42
Lisle, Illinois 60532
(847) 450-1103
(847) 895-0626
Msmith39950@aol.com
Msmithlaw123@gmail.com

/s/Kenneth C. Apicella